UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHESTER FRANKLIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV1569-SNL |
| ) | |
| UNION ELECTRIC COMPANY d/b/a AmerenUE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Defendant's motion to dismiss, or alternatively, to dismiss claims concerning gender, race and alleged disability is before the Court. Plaintiff has filed a brief in opposition and defendant has replied.

## STATEMENT OF FACTS

The plaintiff alleges that he was employed by defendant since 1981 and was not promoted on four different occasions. He alleges that he was discriminated against because of his religion, age and because he had filed a prior complaint (retaliation). On May 13, 2005 plaintiff filed an EEOC questionnaire in which his complaints were set out. A portion of the form asked "Are you aware of statements made by management officials showing prejudice toward you for any of the following reasons: (check all that apply)." Plaintiff checked religion and age. A copy of the questionnaire was never sent by EEOC to defendant.

On June 30, 2005 EEOC sent a Right-to-Sue notice stating "The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent (plaintiff) is in compliance with the statutes. No finding is made as to any other issues that

might be construed as having been raised by this charge." The statement gave notice to the plaintiff that he has the right to sue within ninety days of receipt of the notice.

Copy of the Right-to-Sue notice was sent to defendant and this was the first notice that defendant had of plaintiff's filing of the intake questionnaire.

Defendant asserts in the motion to dismiss that the plaintiff has not exhausted his administrative remedies by filing a claim with the EEOC and receiving a right-to-sue letter. In the alternative, defendant urges the Court to dismiss all of the claims set out in the complaint filed September 27, 2005 except those which were asserted in the intake questionnaire. In plaintiff's brief in response, he asserts that he has subsequently amended his complaint on November 10, 2005 and added claims of discrimination other than those set out in his intake questionnaire. He states that this should equitably toll any limitation period that might be required following receipt of his right-to-sue letter.

## SUMMARY JUDGMENT STANDARD

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to

material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With this standard in mind, the Court now examines the facts of this case.

## DISCUSSION

In order to initiate a claim under Title VII or under Missouri Human Rights Act (MHRA) a party must exhaust their administrative remedies by timely filing a charge of discrimination and receiving a right-to-sue letter. Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).

"Exhaustion of administrative remedies is central to Title VII statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to

3

perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. Williams v. Little Rock Mun. Waterworks, 21 F.3d 218, 222 (8th Cir. 1994). See also Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986).

The second purpose for the filing requirement with EEOC or a state agency is that "It provides formal notice to the employer and prospective defendant of the charges that have been made against it." Kloos at 400.

An intake questionnaire such as the one filed by plaintiff, with the EEOC, in and of itself is not a charge of discrimination. Diez v. Minn. Mining and Mfg. Co., 88 F.3d 672, 675 (8th Cir. 1996), Price v. Harrah's Maryland Heights Operating Co., 117 F. Supp. 2d 919, 922 (E.D.Mo. 2000).

It is undisputed that plaintiff did not file a formal claim with EEOC or a state administrative agency. He did file the intake questionnaire. Thereafter, without notice to the defendant, the EEOC issued a right-to-sue letter. When that letter was issued, the defendant received a copy and realized for the first time that plaintiff had filed an intake questionnaire with the EEOC. At that point, giving plaintiff's complaint a liberal reading, as is required, it would appear that the first element of the notice requirement has been met. Although the courts have ruled that an intake questionnaire is not a formal claim, as such, at least it was some notification to the EEOC and on the basis of that, a right-to-sue letter was issued. Accordingly, the court can assume that the EEOC was given an opportunity to investigate discriminatory practices. Nonetheless, as the defendant was unaware of the filing of the intake questionnaire, the EEOC had no opportunity to perform its role of obtaining voluntary compliance and promoting conciliatory efforts. Williams at 222. Thus, the second element that the notice requirement

mandates is not present in that there was no formal notice to the employer and prospective defendant of the charges that had been made against it. <u>Kloos</u> at 400.

This Court holds, therefore, that as the defendant was not notified of the intake questionnaire and had no opportunity to be involved with the plaintiff and the EEOC to negotiate voluntary compliance, and implement conciliatory efforts, that plaintiff has not properly exhausted his administrative remedies and summary judgment should be granted.

Dated this <u>  13th  </u> day of April, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE